NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7315

EDWARD R. POWERS,

Claimant-Appellee,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellant.

Appeal from the United States Court of Appeals for Veterans Claims in 05-0240, Judge Robert N. Davis.

ON MOTION

Before MAYER, SCHALL, and MOORE, Circuit Judges.

MOORE, Circuit Judge.

## O R D E R

Edward R. Powers and the Secretary of Veterans Affairs move to vacate the judgment of the United States Court of Appeals for Veterans Claims and to remand for further proceedings.

Powers filed service connection claims for asbestosis, various ailments due to lead paint exposure, and diabetes mellitus and secondary vision problems due to herbicide exposure. The Board of Veterans' Appeals denied all of Powers' claims. With respect to the herbicide claim, the Board determined that Powers was not entitled to the presumption of service connection due to herbicide exposure by interpreting a controlling regulation to exclude the presumption of service connection for veterans who

served on ships off the coast of Vietnam but who never set foot within the land borders of Vietnam.

On appeal, the Court of Appeals for Veterans Claims reversed the Board's herbicide determination, interpreting the regulation so that the presumption of service connection also applied to veterans who served on ships off the coast of Vietnam but did not set foot within Vietnam's borders. The Secretary appealed to this court.

We recently issued our decision in Haas v. Peake, 525 F.3d 1168 (Fed. Cir. 2008). Haas held, inter alia, that only veterans present on the landmass or inland waters of Vietnam were entitled to the presumption of service connection due to herbicide exposure. Because the Court of Appeals for Veterans Claims erred in concluding that veterans who did not set foot within Vietnam's borders were entitled to the presumption of service connection for herbicide exposure, we remand for further proceedings.

Accordingly,

IT IS ORDERED THAT:

(1)    The motion is granted. The judgment is vacated and the case is remanded for further proceedings.

(2)    All sides shall bear their own costs.

FOR THE COURT

MAR 2 7 2009
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAR 27 2009

JAN HORBALY
CLERK

cc:    Michael A. Leonard, Esq.
       Todd M. Hughes, Esq.
s20
                        MAR 2 7 2009

ISSUED AS A MANDATE: _____

2007-7315                        2